UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------X
OUT OF THE BLUE WHOLESALE,
A New York Limited Liability Company,

                             **REPORT AND**
                             **RECOMMENDATION**

                    Plaintiff,           CV 19-0254 (JS)(AYS)

        -against-

PACIFIC AMERICAN FISH CO.,
a California corporation; and DOES 1-20,
inclusive,

                   Defendants.
---------------------------------------------------X

**SHIELDS, Magistrate Judge,**

      Plaintiff, Out of the Blue Wholesale ("Plaintiff" or "Out of the Blue"), a New York State limited liability corporation, commenced this action in the Supreme Court of the State of New York against defendant Pacific American Fish Co., Inc. ("Defendant" or "PAFCO"). The action was removed to this Court on the basis of diversity of citizenship. (See Docket Entry ("DE") [1].) Presently before this Court, upon referral by the Honorable Joanna Seybert for Report and Recommendation, are PAFCO's motion to dismiss the complaint, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, (DE [13]), and Out of the Blue's cross-motion for a declaratory judgment, (DE [28].) (See Electronic Order dated 10/26/2020.) For the reasons set forth below, this Court respectfully recommends that the motion for declaratory relief be denied, and that the motion to dismiss be granted.

<u>BACKGROUND</u>

I.    <u>Procedural Posture of the Motions</u>

As noted, two motions are presently referred to this Court for Report and

Recommendation – Defendant's motion to dismiss and Plaintiff's motion for declaratory relief.

Defendant's motion, interposed pursuant to the procedural vehicle of Rule 12 of the

Federal Rules of Civil Procedure, seeks dismissal of all causes of action for failure to state a

claim.  (<u>See</u> DE [13].)

The vehicle for Out of the Blue's motion is unclear.  Without citation to any procedural

rule, Plaintiff argues only that it is entitled to declaratory relief.  It does not set forth whether this

request is interposed as a motion for judgment on the pleadings, pursuant to Rule 12(c), or a

motion for summary judgment, pursuant to Rule 56.  If the latter, this Court may consider the

pleadings and extraneous factual matter submitted by Plaintiff only if it acts pursuant to Rule

12(d) of the Federal Rules.  In that eventuality, the Court would be bound to afford the parties an

equal opportunity to present facts outside of the pleadings . <u>See</u> Fed. R. Civ. P. 12(d).  As set

forth below, the Court declines to do so, and turns to discuss the applicable legal standards.

II.    <u>Documents Considered in Context of the Motions</u>

A.    <u>Legal Standard</u>

As is required in the context of Defendant's motion to dismiss, the factual

allegations in Plaintiff's Complaint, though disputed by Defendant, are accepted as true for

purposes of this motion, and all reasonable inferences are drawn therefrom in favor of the

Plaintiff.  While facts to consider in the context of a Rule 12 motion to dismiss are generally

limited to those set forth in the pleadings, a court may consider matters outside of the pleadings

under certain circumstances.  Specifically, in the context of a Rule 12(b)(6) motion, a court may

consider: (1) documents attached to the Complaint as exhibits or incorporated by reference therein; (2) matters of which judicial notice may be taken; or (3) documents upon the terms and effects of which the Complaint "relies heavily" and which are, thus, rendered "integral" to the Complaint." Chambers v. Time Warner, Inc., 282 F.3d 147, 152-153 (2d Cir. 2002); see also Int'l Audiotext Network, Inc. v. Am. Tel. and Tel. Co., 62 F.3d 69, 72 (2d Cir. 1995). Moreover. "[a] court may take judicial notice of documents filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." Global Network Commc'ns, Inc. v. City of New York, 458 F.3d 150, 157 (2d Cir. 2006) (quoting Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc., 146 F.3d 66, 70 (2d Cir. 1998)).

      B.     <u>The Court Considers the Motions as Directed to the Pleadings</u>

      Defendant's motion relies only on the pleadings and, as appropriate in the context of a Rule 12 motion, the Court considers only those documents when deciding PAFCO's motion. In contrast, Out of the Blue has submitted a factual affidavit as well as copies of emails. These emails support Out of the Blue's position as to its version of facts surrounding the matters set forth in the Complaint. The only vehicle for the Court to consider the documents Plaintiff relies upon would be conversion of Plaintiff's procedurally unspecified motion for a declaratory judgment to a motion for summary judgment pursuant to Rule 12(d). Neither Plaintiff nor Defendant has requested such action. In light thereof, and the fact that no discovery has taken place, the Court considers both of the parties' motions as directed solely towards the pleadings.

      The Court turns now to discuss the facts set forth in Plaintiff's Complaint, construed, as required, in its favor.

III.    Facts

Plaintiff is a limited liability company organized under the laws of the State of New York.  (Compl. ¶ 3.)  It is in the seafood distribution business, with locations in Hampton Bays and the Bronx, New York.  (Id. ¶ 1.)  Defendant PAFCO is a company with offices in the States of California and Massachusetts.  (Id. ¶ 3.)  Anthony Murachi ("Murachi"), an individual who is not named as a defendant herein, is employed by PAFCO in its Boston, Massachusetts office.  (Id. ¶¶ 5-6.)

Out of the Blue and PAFCO have been doing business since March of 2017.  Pursuant to that business relationship, Plaintiff has purchased fish from PAFCO for resale.  (Id. ¶13.)  Murachi has served as PAFCO's point of contact with Out of the Blue.  It was the parties' business practice for Plaintiff to place orders through Murachi, and to then direct payment for its purchases via a bank account specified by PAFCO, through Murachi.  (Id. ¶ 14.)  Payment was facilitated by Plaintiff directing payments "through the ACH services of Chase Bank payable to the account specified" by PAFCO.  (Id. ¶ 15.)

On July 26, 2018, Out of the Blue received an email from Murachi, containing a statement of account due to PAFCO.  (Id. ¶ 18.)  The sending of that email is stated to have been pursuant to the usual business custom and practice of the parties.  (Id. ¶ 9.)  On July 30, 2018, Out of the Blue again received an email from Murachi.  That email contained instructions for directing payment to a new account.  (Id. ¶ 20.)  Out of the Blue states, on information and belief, that the July 30, 2018 email was sent not by Murachi, but by an individual who had hacked PAFCO's computer system.  (Id. ¶ 21.)  This hacking was apparently not uncovered until Out of the Blue had already made payment to the account specified for two invoices in the amounts of $14,411.51, and $2,742.63.  (Id. ¶ 22.)  Thus, Out of the Blue alleges that it made

payments to the allegedly hacked account in the amount of $17,154.14.  (Id. ¶ 22.)  When, on August 8, 2018, a dispute arose as to whether PAFCO was paid for product delivered to Out of the Blue, Out of the Blue states that it promptly sent Murachi copies of documents evidencing the amounts paid to what is now alleged by Out of the Blue to have been an account hacked in order to misdirect payment.

Out of the Blue's allegations of hacking are alleged to have been borne out by representations made by Murachi during a telephone conversation that took place on August 17, 2018.  (Id. ¶ 40.)  During that call, Murachi is stated to have acknowledged that other PAFCO customers received fraudulent emails that came from PAFCO's hacked computer system.  (Id. ¶ 43.)  Murachi told Plaintiff to notify their bank that the payments referred to above were made to a fraudulent account.  (Id. ¶ 41.)  Out of the Blue told Murachi to file a police report and notify PAFCO'S insurer of the hacking.  (Id. ¶ 46.)

The timing of the August 17, 2018 conversation has led Out of the Blue to allege that PAFCO knew of the hacking prior to the time when Out of the Blue made payment to the hacked account.  (Id. ¶ 44.)  Out of the Blue's position regarding PAFCO's knowledge of the hacking is further supported by Plaintiff's allegation that on October 18, 2018, Murachi again informed Out of the Blue that its system had been hacked.  Murachi is alleged to have relied on this hacking as a reason that PAFCO did not receive payment.  He therefore again demanded payment for amounts due.  Thus, in October of 2018, Murachi again demanded payment of the outstanding balance of $17,154.14 – the amount that Out of the Blue alleges it had already paid to the hacker.  (Id. ¶ 48-49.)

Plaintiff does not allege that it ever made payment to PAFCO.  Nor does it allege that it did not receive the goods ordered.  Thus, considering the facts as alleged by Plaintiff, it is clear

that it received goods from PAFCO, but made payment to some outside fraudster, and not to PAFCO.  To be clear, Out of the Blue does <u>not</u> allege the making of any payment to PAFCO.  Nor does it allege anything other than receipt of the goods for which it was billed.

IV.    <u>Plaintiff's Causes of Action</u>

Plaintiff's complaint alleges six causes of action.  First, it seeks a declaratory judgment that the invoices described above have been paid in full.  (<u>Id.</u> ¶ 50.)  Second, Out of the Blue asserts an unspecific claim in which it alleges that its account with PAFCO should be credited in the amount Out of the Blue paid to the hacker.  (<u>Id.</u> ¶ 51-54.)  Although not stated specifically, this cause of action is best construed as either duplicative of the first cause of action or, construed liberally, as a claim for breach of contract.  Out of the Blue's third cause of action is stated pursuant to the New York State General Business Law.  (<u>Id.</u> ¶¶ 55-58.)  While unspecified, the briefing on the motion makes clear that Plaintiff alleges a claim of unfair business practices in violation of Section 349 of the New York State General Business Law ("Section 349").  Plaintiff's fourth cause of action alleges a violation of the implied duty of good faith and fair dealing.  (<u>Id.</u> ¶¶ 59-61.)  Next, Out of the Blue's fifth cause of action alleges unjust enrichment.  (<u>Id.</u> ¶¶ 62-67.)  Finally, Plaintiff alleges a separate claim for punitive damages.  (<u>Id.</u> ¶¶ 68-71.)

As to damages, Out of the Blue seeks damages in the amount of the invoices paid to the hacker ($17,154.14) with respect to its first, second and fifth causes of action, <u>i.e.</u>, for declaratory judgment, breach of contract and unjust enrichment.  It seeks an award of $1,000,000, or an amount to be determined by the court, with respect to its third cause of action for violation of Section 349.  It similarly seeks an amount to be determined by the court with respect to its claim for breach of the implied duty of good faith and fair dealing.

V.   The Motions

PAFCO moves to dismiss the entire Complaint, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  (See DE [13].)  Out of the Blue moves for entry of judgment only as to its first cause of action, which seeks entry of a declaratory judgment.  (See DE [28].)

While PAFCO's motion to dismiss was filed on September 18, 2019, Out of the Blue's motion was not interposed until almost a year later, on August 17, 2020.  (See DE [13], [28].)  The motions were not fully briefed until October 1, 2020.  (See DE [30].)  The passage of time is attributable to the parties' apparent attempts to settle their dispute, and to apprise the District Court of their positions with respect to a separate action commenced by PAFCO in California – its home state.  Status letters filed regarding that action, and the parties' positions with respect thereto, are docketed herein.  (See DE [19], [21].)  Those letters indicate that on December 21, 2018, PAFCO filed an action in the Superior Court of the State of California, County of Los Angeles (the "California Lawsuit").  (DE [19] at 6.)  Out of the Blue took no action with respect to the California Lawsuit.  Instead, it filed a letter here stating its intent to ask this Federal Court to dismiss the California Lawsuit, or remove that state court action to this Court.  (DE [21] at 5.)

The procedural vehicle for Out of the Blue's request was questionable at best.  Thus, it is not surprising that on January 20, 2020, the District Court entered an order denying Out of the Blue's request to take any action with respect to the California Lawsuit.  (See DE [22] (noting, inter alia, that "it is well-settled that 'federal courts have no general power to compel action by state officials'").  The Court also gave the parties thirty days in which to confer and report back as to whether they could agree to litigate their differences in the context of the California Lawsuit or in this District.

7

On February 20, 2020, the parties reported that they had reached no agreement to litigate their dispute in a single forum.  (DE [23].)  The District Court thereafter granted adjournments of the briefing schedule on Defendant's motion to dismiss though August 24, 2020.  On August 7, 2020 Out of the Blue separately sought permission to depose an employee of PAFCO and, in the event that certain claims were dismissed in connection with Defendant's motion to dismiss (and such dismissal resulted in the remaining claims seeking damages less than the diversity jurisdiction threshold) that Out of the Blue be granted leave to move to remand this matter to New York State Court.  (See DE [27].)  The District Court denied the request to take Defendant's deposition, but it granted the request to file a motion and set a briefing schedule.  (See Electronic order dated Aug. 1, 2020.)

On August 17, 2020, Out of the Blue filed a motion, not solely to remand, but for entry of a declaratory judgment.  As noted, the procedural vehicle behind Plaintiff's motion is vague.  In essence, the motion seeks entry of judgment declaring that Out of the Blue is entitled to a credit from PAFCO in the amount it states to have been paid to the hackers of PAFCO's account, or in the alternative, an order remanding this matter to the Supreme Court of the State of New York, County of Suffolk.  This latter relief is sought if the decision on PAFCO's motion to dismiss causes the amount in controversy to become less than the jurisdictional amount necessary to sustain federal diversity jurisdiction, and therefore, the removal to this Court.  (See DE [28].)

The parties' motions were fully briefed on October 1, 2020.  On October 26, 2020, both motions were referred to this Court for Report and Recommendation.  (See Electronic Order dated Oct. 26, 2020.)

<u>DISCUSSION</u>

I.    <u>Plaintiff's Motion for Declaratory Judgment (First Cause of Action)</u>

    A.    <u>Legal Principles: Declaratory Judgment</u>

        The Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction. . .any court of the United States. . .may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." <u>MedImmune, Inc. v. Genentech</u>, Inc., 549 U.S. 118, 126 (2007) (quoting 28 U.S.C. § 2201(a)); <u>see</u> <u>also</u> Fed. R. Civ. P. 57.  The decision as to whether to grant declaratory relief is subject to the court's discretion.  The exercise of that discretion turns on considering: "(1) whether the judgment will serve a useful purpose in clarifying or settling the legal issues involved; and (2) whether a judgment would finalize the controversy and offer relief from uncertainty." <u>Commercial Lubricants, LLC v. Safety-Kleen Systs., Inc.</u>, No. 14-CV-7483, 2017 WL 3432073, *17 (E.D.N.Y. Aug. 8, 2017) (quoting <u>Duane Reade, Inc. v. St. Paul Fire & Marine Ins. Co.</u>, 411 F.3d 384, 389 (2d Cir. 2005)) (additional citation omitted).  However, "there is no basis for declaratory relief where only past acts are involved." <u>Id.</u> (citation omitted).  Moreover, "[t]he fact that a lawsuit has been filed that will necessarily settle the issues for which declaratory judgment is sought suggests that the declaratory judgment will serve no useful purpose." <u>Fleischer v. Phoenix Life Ins. Co.</u>, 858 F. Supp. 2d 290, 302 (S.D.N.Y. 2012) (citation and internal quotation marks omitted).  Thus, courts routinely dismiss requests for declaratory judgment when the parties' rights will be adjudicated through a breach of contract claim in the same action.  <u>See</u> <u>Commercial Lubricants</u>, 2017 WL 3432073, at *17.

B.    The Parties' Positions

Plaintiff seeks a declaratory judgment that the payment made to the hacker satisfies its account with PAFCO.  Defendant opposes the motion on the same ground discussed below with respect to its overall motion to dismiss, i.e., that Plaintiff alleges no claim for damages attributable to PAFCO.  PAFCO also opposes the motion on the ground that where, as here, a claim for breach of contract will settle the parties' dispute, the motion for declaratory relief is superfluous.  See Commercial Lubricants, 2017 WL 3432073, at *17.  Finally, the motion is opposed on the ground that it is procedurally defective because it is a motion directed to the pleadings which improperly relies on matters outside thereof.

C.    Disposition of the Motion

In support of its motion Plaintiff relies on factual affidavits as well as emails annexed thereto.  (See DE [28-1], [28-2], [28-3], [28-4], [28-5].)  In light of this Court's decision to consider the motion for declaratory relief as directed to the pleadings, the Court cannot consider materials outside thereof.  For this reason alone, the Court holds that Plaintiff's motion for declaratory relief must be denied.  This is particularly appropriate where, as here, there has been no discovery that would allow Defendant to challenge Plaintiff's version of the facts.  To be clear, accepting Plaintiff's version of the facts requires this Court to consider and accept Plaintiff's affidavit and documents as true.  Because this cannot be done in the context of a Rule 12 motion, Plaintiff's motion must be denied.

In addition to the procedural defect in its motion, Plaintiff's motion for declaratory relief should also be denied because only past conduct, i.e., PAFCO's alleged knowledge of the hacker, is alleged to be wrongful.  Such conduct is inappropriately addressed via a motion for

declaratory relief.  See Commercial Lubricants, 2017 WL 3432073, at *17 (quoting Duane

Reade, 411 F.3d at 389).

For the foregoing reasons, it is recommended that Plaintiff's first cause of action for

declaratory relief (the only cause of action for which judgment is sought) be denied.

II.    Defendant's Motion to Dismiss

A.    Grounds Alleged for Dismissal

Defendant moves to dismiss on several grounds.  First, Defendant seeks dismissal

of Plaintiff's claim pursuant to Section 349 for failure to allege consumer-oriented action or

wrongful conduct within the meaning of the statute.  As to the contract-based causes of action

(which are based upon the parties' business relationship), Defendant argues that Plaintiff's

complaint must be dismissed entirely for failure to allege damages.  In the event that this

argument does not result in outright dismissal, Defendant makes particularized arguments for

dismissal of each cause of action as discussed below.  The Court turns now to the standards

applicable to the motion to dismiss, and the disposition thereof.

B.    Legal Principles: Rule 12(b)(6)

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain

"sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009) (quoting Bell Atlantic Corp. v. Twombly,

550 U.S. 544, 570 (2007)); see also Arista Records, LLC v. Doe 3, 604 F.3d 110, 119-20 (2d Cir.

2010).  Facial plausibility is established by pleading sufficient factual content to allow a court to

reasonably infer the defendant's liability.  Twombly, 550 U.S. at 556.  "Threadbare recitals of

the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id.

at 555.  Nor is a pleading that offers nothing more than "labels and conclusions" or "a formulaic

recitation of the elements of a cause of action" sufficient.  Iqbal, 556 U.S. at 678 (2009) (quoting Twombly, 550 U.S. at 555).

      C.     <u>Disposition of the Motion</u>

         1.     <u>Section 349 (Third Cause of Action)</u>

While the Complaint alleges only a violation of the General Business Law, without citation to a particular section thereof, the Court construes the Complaint to allege a claim under Section 349 of that law.  Section 349 prohibits "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service."  N.Y. Gen. Bus. L. § 349.  To state a claim under Section 349 a plaintiff must allege, <u>inter alia</u>, that a defendant has engaged in "consumer oriented conduct."  Conduct is "consumer oriented" if it "has a broader impact on consumers at large" as opposed to on just the plaintiff.  <u>Donnenfeld v. Petro, Inc.</u>, 333 F. Supp.3d 208, 222 (E.D.N.Y. 2018).

While this requirement is broadly interpreted, <u>see Koch v. Greenberg</u>, 626 Fed. App'x 335, 340 (2d Cir. 2015) (noting that requirement is met "so long as the conduct at issue can potentially affect similarly situated consumers") (citation omitted), it cannot be interpreted so broadly as to emcompass the conduct alleged in Plaintiff's Complaint.  Here, in contrast to consumer-oriented conduct, the only wrongful conduct alleged is hacking that affected payment of Out of the Blue's account.  This allegation is not the consumer-oriented type of conduct necessary to state a claim under Section 349.  The cause of action under this statute should therefore be dismissed for failure to allege consumer-oriented conduct.

Even if the conduct alleged could be construed as consumer-oriented, the Section 349 claim would fail because the injury alleged, if any, was suffered by both parties herein, and not only to Out of the Blue.  Accepting Out of the Blue's allegations, the wrongful conduct here is

attributable to an unnamed fraudster, and not to Defendant.  Under these circumstances, where both parties are victims, there is no claim stated under Section 349.  See Ludlow Essex Partners LLC v. Wells Fargo Bank, N.A., No. 17cv2042, 2017 WL  2963488, at *3 (S.D.N.Y. July 11, 2017).

For the foregoing reasons, this Court recommends dismissal of Plaintiff's cause of action pursuant to Section 349 of the New York State General Business Law.

2.   Motion to Dismiss for Failure to Allege Damages (All Causes of Action)

Defendant moves to dismiss all causes of action for failure to allege damages. Specifically, it is argued that the Complaint alleges only wrongdoing and loss due to the acts of an unnamed fraudster.  Thus, wrongful conduct is not even alleged on the part of PAFCO but, instead, on the part of an unnamed fraudster.  While Plaintiff alleges that it wrongfully paid this fraudster, it does not allege that it paid Defendant any amount due.  In fact, while Plaintiff paid the hacker, it nowhere alleges that it paid Defendant.  Thus, Plaintiff makes no allegation that PAFCO has been unfairly paid.  While Plaintiff may be damaged by the act of the fraudster, that wrongful conduct never benefitted Defendant.  Plaintiff received the goods ordered by Defendant, but Defendant – even as alleged by Plaintiff – was never paid for the goods delivered. Because Plaintiff alleges nowhere that Defendant was paid for its goods, no damages suffered by Plaintiff are attributed to Defendant.  While Plaintiff might have a claim if it paid Defendant, it did not do so.

Because the Complaint fails to allege damages attributable to Defendant's conduct, it fails to state a claim against Defendant, and the Complaint should therefore be dismissed for failure to state a claim.  The Court turns now to Defendant's alternative arguments in support of its motion to dismiss each particular cause of action.

3.      Breach of Contract (Second Cause of Action)

While the Complaint does not refer to the parties' contract, the Court has construed Plaintiff's unnamed second cause of action broadly to allege a claim for breach of contract. This construction makes sense in light of the parties' business relationship as buyer and seller. Indeed, in the absence of such construction, the Court would dismiss the second cause of action as setting forth no particular claim but, instead, as a superfluous declaratory relief claim that has already been dismissed. Even with the broad construction afforded, however, any claim for breach of contract fails.

Under New York law, a claim for breach of contract requires the plausible pleading of: (1) the existence of a contract; (2) performance by the non-breaching party; (3) breach by the other party; and (4) damages. See VFS Financing Inc. v. Falcon Fifty LLC., 17 F. Supp. 3d 372, 379 (S.D.N.Y. 2014). Any claim for breach of contract here fails on several fronts. First, although the parties were likely parties to some contract, Plaintiff fails to allege any way in which PAFCO breached that agreement. Instead, the wrongful conduct alleged in the Complaint is that of the hacker, and not of PAFCO. Indeed, if any breach can be gleaned from the allegations of the Complaint, it is that Plaintiff has failed to pay Defendant for goods delivered. This conduct leads to the conclusion that Plaintiff has failed to plausibly allege its own contractual performance. Defendant has not counterclaimed herein. Accordingly, the Court makes no finding as to wrongful conduct on the part of Plaintiff. However, as stated with respect to contractual performance, the Court holds that Plaintiff's breach of contract cause of action must fail because Plaintiff fails to allege a plausible claim that Defendant has breached any contract. Additionally, as set forth above, Plaintiff alleges no damages attributable to

Defendant's conduct.  To the contrary, Plaintiff alleges that it did not pay PAFCO for amounts due on its account.

For the foregoing reasons any claim for breach of contract must be dismissed.

4.      Breach of Covenant of Good Faith and Fair Dealing (Fourth Cause of Action)

There is no question that Plaintiff and Defendant are parties to a contract for the sale of goods sold and delivered to Plaintiff.  Under New York law, parties to a contract are bound by an implied duty of good faith, "but breach of that duty is merely a breach of the underlying contract." Harris v. Provident Life & Accident Ins. Co., 310 F.3d 73, 80 (2d Cir. 2012).  Thus, where the parties are already bound to an express contract, New York law does not recognize a separate cause of action for breach of the implied covenants.  In such cases, the cause of action alleging breach of implied covenants is properly dismissed as redundant.  See Cruz v. FXDirectDealer, LLC., 720 F.3d 115, 125 (2d Cir. 2013).  Accordingly, the Court recommends that the cause of action for breach of the implied duty of good faith and covenant of fair dealing be dismissed.

5.      Unjust Enrichment (Fifth Cause of Action)

Similar to the law precluding a cause of action for breach of implied duties, where, as here, Plaintiff and Defendant are parties to a contract, a claim for unjust enrichment survives a motion to dismiss only if the plaintiff challenges the validity of the contract itself.  See GAO v. JP Morgan Chase & Co., No. 14 Civ. 4281, 2015 WL 3606308, at *5 (S.D.N.Y. June 9, 2015). Plaintiff makes no such allegation.  Accordingly, the cause of action for unjust enrichment should be dismissed.

6.    <u>Punitive Damages (Sixth Cause of Action)</u>

Plaintiff makes a separate claim for punitive damages.  The Complaint is devoid of any factual allegation attributing the conduct required to state such a claim to Defendant. Instead, the Complaint attributes willful and wrongful conduct only to the alleged hacker.  Under these circumstances, there is no claim for punitive damages and the cause of action should be dismissed.

III.    <u>Plaintiff's Request to Remand the Action</u>

In light of this Court's recommendation that this action be dismissed in its entirety, there is no need to consider Plaintiff's request to remand the action back to state court based on the amount of controversy falling below the threshold required for diversity jurisdiction.  However, even if the Court were to consider Plaintiff's request, it would recommend that it be denied because it is well-settled that the amount in controversy is measured as of the date the action is commenced, <u>see</u> <u>Scherer v. Equitable Life Assurance Soc'y of U.S.</u>, 347 F.3d 394, 397 (2d Cir. 2003), "and once jurisdiction has attached, it cannot be ousted by subsequent events."  <u>Pollack v. Trustmark Ins. Co.</u>, 367 F. Supp. 2d 293, 296 (E.D.N.Y. 2005) (citing <u>Scherer</u>, 347 F.3d at 398); <u>see also</u> <u>St. Paul Mercury Indemnity Co. v. Red Cab Co.</u>, 58 S. Ct. 586, 592 (1938) ("[E]vents occurring subsequent to removal which reduce the amount recoverable, whether beyond the plaintiff's control of the result of his volition, do not oust the district court's jurisdiction once it has attached.").

<u>RECOMMENDATION</u>

For the foregoing reasons, this Court respectfully recommends that Defendant's motion to dismiss be granted and that Plaintiff's motion be denied.

16

## OBJECTIONS

A copy of this Report and Recommendation is being provided to Defendants' counsel via ECF.  Any written objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of filing of this report.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 72(b).  Any requests for an extension of time for filing objections must be directed to the District Judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections.  Failure to file objections within fourteen (14) days will preclude further review of this report and recommendation either by the District Court or Court of Appeals. Thomas v. Arn, 474 U.S. 140, 145 (1985) ("[A] party shall file objections with the district court or else waive right to appeal."); Caidor v. Onondaga Cnty., 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision").

**SO ORDERED.**

Dated: Central Islip, New York
       November 19, 2020

                                          /s/ Anne Y. Shields_____
                                          Anne Y. Shields
                                          United States Magistrate Judge