FILED
CLERK

12/21/2020 1:19 pm

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
OUT OF THE BLUE WHOLESALE, LLC,

                    Plaintiff,

                                MEMORANDUM & ORDER
     -against-                    19-CV-0254(JS)(AYS)

PACIFIC AMERICAN FISH CO., INC.,

                    Defendant.
----------------------------------------X
APPEARANCES
For Plaintiff:         William H. Sweeney, Jr., Esq.
                        742 Veterans Highway
                        Hauppauge, New York 11788

For Defendant:        David L. Prince, Esq., pro hac vice
                        1912 East Vernon Avenue #100
                        Los Angeles, California 90058

SEYBERT, District Judge:

       Plaintiff Out of the Blue Wholesale, LLC ("Plaintiff") commenced this removal action against defendant Pacific American Fish Co., Inc. ("Defendant") seeking, among other things, declaratory relief and damages arising out of claims for breach of contract, breach of the implied duty of good faith and fair dealing, unjust enrichment, and violations of New York General Business Law ("GBL").  (Compl., ECF No. 1-1.)  By Report and Recommendation dated November 19, 2020, Magistrate Judge Anne Y. Shields recommended that the Court grant Defendant's motion to dismiss and deny Plaintiff's cross-motion for declaratory relief. ("R&R," ECF No. 33.)  Plaintiff timely filed objections.  (Pl. Obj., ECF No. 34; Def. Obj. Opp., ECF No. 35.)  For the following

reasons, Plaintiff's objections are OVERRULED, the R&R is ADOPTED, and Defendant's motion is GRANTED and Plaintiff's cross-motion is DENIED.

BACKGROUND AND PROCEDURAL HISTORY

The Court presumes the parties' familiarity with the factual and procedural background as set forth in the R&R and recites only the facts necessary to adjudicate the pending motion. (See R&R at 2-8.)

I.   Facts[1]

Plaintiff, a New York limited liability company, is a seafood distributor with locations in Hampton Bays, New York and Bronx, New York.  Since March 2017, Plaintiff has purchased fish from Defendant, a California corporation with offices in California and Massachusetts, for resale purposes.  Specifically, Plaintiff placed orders through Defendant's employee Anthony Mirarchi.  On July 30, 2018, Plaintiff received an email from Mirarchi's email address that directed electronic payments to a different account than previously specified.  Plaintiff made two payments to this new account for invoices totaling $14,411.51 and $2,742.63.  According to Plaintiff, however, this email was not sent by Mirarchi but by a hacker.

---

[1] The facts are drawn from the Complaint and are assumed to be true for purposes of this Memorandum & Order.

On August 8, 2018, Mirarchi inquired as to the status of certain payments and Plaintiff confirmed that it sent payments to the new account, as specified in Mirarchi's email. The parties thereafter disputed the amount due and owing. On August 17, 2018, Mirarchi informed Plaintiff that Defendant's computer system, including email addresses, had been hacked. That day, Mirarchi instructed Plaintiff to notify the appropriate financial institutions that the last two payments were made to fraudulent accounts. On October 18, 2018, Mirarchi confirmed that his email account had been hacked and demanded payment of $17,154.14, the amount that Plaintiff paid to the fraudulent accounts. Plaintiff did not pay and argued that its payments to the fraudulent account satisfied its payment obligations

II. Procedural History and the R&R

Plaintiff initiated this action in Suffolk County Supreme Court on December 19, 2018 alleging: (1) a violation of the GBL; (2) breach of the implied covenant of good faith and fair dealing; and (3) unjust enrichment. (See Compl.) Plaintiff also seeks punitive damages and a declaratory judgment that it paid $17,154.14 to Defendant. Defendant removed this action to this Court on January 11, 2019 and it was reassigned to the undersigned on May 30, 2019.

Defendant filed its pending motion to dismiss on September 18, 2019. (Def. Mot., ECF No. 13; Def. Reply, ECF No.

3

29.) After various extensions and interim rulings, Plaintiff filed its combined opposition and cross-motion for remand and a declaratory judgment "declaring that [P]laintiff is entitled to credit from the [D]efendant for payments of $17,164.14 made by the [P]laintiff to [D]efendant." (Pl. Mot., ECF No. 28; Sweeney Decl., ECF No. 28-2, ¶¶ 24-27; Pl. Reply, ECF No. 30.) The Court referred the motions to Judge Shields on October 26, 2020. (Oct. 26, 2020 Elec. Order.)

On November 19, 2020, Judge Shields issued the R&R and recommended that the Court grant Defendant's motion to dismiss and deny Plaintiff's cross-motion. As a preliminary matter, although Plaintiff submitted a factual affidavit and copies of emails, Judge Shields declined to convert Plaintiff's "procedurally unspecified motion for a declaratory judgment to a motion for summary judgment pursuant to Rule 12(d)," where neither party "requested such action" and "no discovery has taken place." (R&R at 3, 10.) Judge Shields then denied Plaintiff's motion because the Court could not consider the affidavit and additional documents "in the context of a Rule 12 motion" (id. at 10) and because Plaintiff sought to adjudicate past conduct which is not appropriate "via a motion for declaratory relief" (id. at 10-11 (citation omitted)).

Next, Judge Shields granted Defendant's motion to dismiss, finding: (1) the GBL claim fails because Plaintiff did not allege consumer-oriented conduct and because both parties were

4

victims to the hack that caused the alleged damages (id. at 12-13); (2) all claims must be dismissed for failure to allege damages attributable to Defendant (id. at 13); (3) the breach of contract claims must be dismissed for failure to allege that Defendant breached any contract (id. at 14); (4) the breach of the covenant of good faith and fair dealing claim fails as "redundant" to the breach of contract claim (id. at 15); (5) the unjust enrichment claim fails where, as here, the breach of contract claim fails (id.); and (6) the punitive damages claim fails because the "Complaint is devoid of any factual allegation attributing the" required conduct to Defendant (id. at 16). Finally, Judge Shields declined to consider Plaintiff's remand request given her recommendation that the Court dismiss the Complaint and because "the amount in controversy is measured as of the date the action is commenced." (Id. at 16.)

## ANALYSIS

I.  Legal Standard

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); see also FED. R. CIV. P. 72(b)(3). The district judge must evaluate proper objections de novo; however, where a party "makes only conclusory or general objections, or simply reiterates [the] original arguments, the Court reviews the Report and Recommendation only for clear error."

5

Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008) (quoting Barratt v. Joie, No. 96-CV-0324, 2002 WL 335014, at *1 (S.D.N.Y. Mar. 4, 2002)); FED. R. CIV. P. 72(b)(3).

II. Discussion

Plaintiff objects to Judge Shields' recommendation on the basis that it has "set forth a cause of action for a Declaratory Judgment under New York State Law and a breach of contract." (Pl. Obj. ¶ 1.) The Court has reviewed the Objections and finds them to be general and "mere reiterations of the arguments in [the] original papers that were fully considered, and rejected, by" Judge Shields. Rizzi v. Hilton Domestic Operating Co., Inc., No. 18-CV-1127, 2020 WL 6253713, at *2 (E.D.N.Y. Oct. 23, 2020) (collecting cases). Thus, the Court reviews Judge Shields' analysis for clear error and finds none. Id. The R&R is therefore ADOPTED in its entirety.

Nonetheless, the Court adopts the R&R under de novo review. Plaintiff argues it validly stated a claim for breach of contract because it "paid Defendant and [D]efendant claim[s] there was no hack, so it[']s paid, they breached the contract by invoicing and subsequent to this law suit, suing plaintiff for the full amount. This result is damaging [P]laintiff." (Pl. Obj. ¶ 5.) However, the Court agrees with Judge Shields that "[a]ny claim for breach of contract here fails on several fronts." (R&R at 14.) Most importantly, "[u]nder New York law, in order to

6

plead breach of contract, a plaintiff must identify the specific contractual provision or provisions that were allegedly breached." Belfon v. Credit Check Total Consumerinfo.com, Inc., No. 18-CV-0408, 2018 WL 4778906, at *5 (E.D.N.Y. Oct. 1, 2018). Here, the Complaint does not specify a contract provision Defendant allegedly breached. Rather, Plaintiff argues that Defendant breached a contract because after it "paid [D]efendant in the manner [it] directed . . . they still invoiced [P]laintiff." (Pl. Obj. ¶ 4.) "The failure to identify the contract-at-issue precludes the Court from determining whether the parties entered into a contract in the first place." Belfon, 2018 WL 4778906, at *6. Moreover, as explicitly alleged in the Complaint, Plaintiff's damages, if any, were not caused by Defendant but by the hacker who fraudulently infiltrated Defendant's computer system. This also mandates dismissal of the breach of contract claim. Id. (dismissing breach of contract claim where there was "no indication in the complaint as to how the Defendant's alleged breach resulted in damages"). Accordingly, Plaintiff's objections as to its breach of contract claim are OVERRULED.

Next, Plaintiff recites the relevant standards to argue that it is entitled to declaratory relief that "[P]laintiff shall be given credit for the amounts paid." (Pl. Obj. ¶¶ 8-9.) This claim also fails because Plaintiff "does not seek a prospective determination of its rights and responsibilities under the

7

[relevant] contract (so that it can avoid future damages), but rather a finding that it is not liable for damages alleged to have already accrued." Nat'l Union Fire Ins. Co. v. Int'l Wire Grp., Inc., No. 02-CV-10338, 2003 WL 21277114, at *5 (S.D.N.Y. June 2, 2003). Indeed, Plaintiff seeks a determination that it fulfilled its obligations under a contract, i.e., that it paid Defendant the amount due under two specific invoices. Thus, Plaintiff is "not seeking a prospective determination of [its] rights, but a determination that in the past [it] performed [its] contractual obligations." Tower Prod. Inc. v. Laird Enters. Inc., No. 19-CV-1038, 2020 WL 3453552, at *3 (N.D.N.Y. June 24, 2020). As Judge Shields found, "[s]uch conduct is inappropriately addressed via a motion for declaratory relief." (R&R at 10-11.) Therefore, this objection is OVERRULED.

Plaintiff does not raise any other objections to the R&R. Thus, the portions of the R&R not explicitly addressed herein are ADOPTED in full.

CONCLUSION

For the foregoing reasons, Plaintiff's objections are OVERRULED, the R&R (ECF No. 33) is ADOPTED, Defendant's motion to dismiss (ECF No. 13) is GRANTED, and Plaintiff's cross-motion (ECF No. 28) is DENIED.  The Clerk of the Court is directed to enter judgment accordingly and mark this case CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: December   21  , 2020
       Central Islip, New York