```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------X
OUT OF THE BLUE WHOLESALE, LLC,

                        Plaintiff,
                                          MEMORANDUM & ORDER
         -against-                        19-CV-0254(JS)(AYS)

PACIFIC AMERICAN FISH CO., INC.,

                        Defendant.
-------------------------------------X
APPEARANCES
For Plaintiff:      William H. Sweeney, Jr., Esq.
                    742 Veterans Highway
                    Hauppauge, New York 11788

For Defendant:      David L. Prince, Esq., pro hac vice
                    1912 East Vernon Avenue #100
                    Los Angeles, California 90058
```

SEYBERT, District Judge:

Before the Court is defendant Pacific American Fish Co., Inc.'s ("Defendant") motion for attorneys' fees pursuant to invoices between Defendant and plaintiff Out of the Blue Wholesale, LLC ("Plaintiff"). (Mot., ECF No. 38; Prince Decl., ECF No. 39; Ingram Decl.,[1] ECF No. 40.) Plaintiff did not file an opposition. For the reasons that follow, the motion is DENIED.

---

[1] The Ingram Declaration is not signed.

DISCUSSION

The Court presumes the parties' familiarity with the factual and procedural background as set forth in prior Orders and recites only the facts necessary to adjudicate the pending motion.

I. Facts[2]

In brief, since March 2017, Plaintiff, a seafood distributor, has purchased fish from Defendant. Around July 30, 2018, Defendant's employee purportedly emailed Plaintiff, directing Plaintiff to pay approximately $17,154.14 to an account different than those Defendant typically used. Following payment, the parties determined that Defendant's email account was hacked and that Plaintiff made payments to an account unassociated with Defendant. Defendant eventually demanded payment of $17,154.14. Plaintiff did not pay and argued that its payment to the fraudulent account satisfied its payment obligations to Defendant.

II. Procedural History and the California Collection Action

Plaintiff initiated this action in Suffolk County Supreme Court on December 19, 2018, alleging: (1) a violation of New York's General Business Law; (2) breach of the implied covenant of good faith and fair dealing; and (3) unjust enrichment. (See Compl.) Plaintiff also sought punitive damages and a declaratory judgment that it paid $17,154.14 to Defendant. On December 21,

---

[2] The facts are drawn from the Complaint. (Compl., ECF No. 1-1.)

2

2018, Defendant filed an action against Plaintiff in the Superior Court of California, Los Angeles County, No. 18STLC15204, captioned Pacific Am. Fish Co., Inc. v. Out of the Blue Seafoods, LLC (the "California Collection Action"), to "collect the unpaid balance" Plaintiff owed to Defendant. (Ingram Decl. ¶¶ 2-3.) In the California Collection Action, Defendant "obtained a default judgment against [Plaintiff] for nonpayment of the $17,154.14," pursuant to certain invoices between the parties. (Mot. at 2; Price Decl. ¶ 8; Invoices, Ingram Decl., Ex. 1, ECF No. 40-1.)

Defendant removed the New York action to this Court on January 11, 2019 and filed a motion to dismiss for lack of personal jurisdiction on January 18, 2019. (Notice of Removal, ECF No. 1; Def. First Mot. to Dismiss, ECF No. 5.) After this action was reassigned to the undersigned, on August 23, 2019, the Court denied Defendant's motion to dismiss for lack of personal jurisdiction. (Aug. 23, 2019 Order, ECF No. 12.) Defendant filed a second motion to dismiss for failure to state a claim on September 13, 2019. (Def. Second Mot. to Dismiss, ECF No. 13.) This Court denied the motion as premature. (Sept. 19, 2019 Elec. Order.) On December 11, 2019, Plaintiff filed a letter motion requesting that the Court issue an Order (1) dismissing or staying the California Collection Action, or (2) removing the California Collection Action to this Court and consolidating this action with the California Collection Action. (Pl. Ltr., ECF No. 17.) After appearing telephonically

3

at a pre-motion conference on December 12, 2019, the parties filed declarations detailing the procedural history and posture of this action as compared to the California Collection Action. (See generally ECF Nos. 19 & 21.)

On January 21, 2020, the Court denied Plaintiff's request to issue an order with directives to the Superior Court of California. (Jan. 21, 2020 Order, ECF No. 22, at 2-3 (collecting cases for the proposition that it is "well-settled that 'federal courts have no general power to compel action by state officials'" (internal quotations and citations omitted)).) The Court also observed that:

> The remaining issues asserted in the parties' declarations raise concerns regarding judicial economy and the interest in avoiding inconsistent judgments. There is little doubt that the allegations asserted in this action and the California [Collection] Action significantly, if not completely, overlap. There is a dispute over whether the California [Collection] Action was first filed. The Court does not now decide that issue. However, there is no dispute that Defendant waited (1) six months after receiving the Complaint here and (2) five months after removing this action to this Court to serve Plaintiff with the California [Collection] Action Summons and Complaint.
>
> Accordingly, the parties are DIRECTED to meet and confer to discuss whether there is any possibility that the parties can stipulate to assert all claims in this Court or in the California Superior Court. . . . If these efforts are not successful, and upon receipt of the parties' status report, the Court will set a briefing schedule for Defendant to file

> a supplemental brief to address whether this
> Court should abstain or stay this matter in
> favor of the California [Collection] Action
> and for Plaintiff to respond to Defendant's
> pending motion to dismiss . . . and the
> supplemental brief regarding a potential stay
> and abstention.

(Jan. 21, 2020 Order at 3-4 (footnote omitted).)

On February 20, 2020, the parties advised the Court that they were not able to reach an agreement to assert all claims in one forum. (Feb. 2, 2020 Ltr., ECF No. 23.) After various extensions, Plaintiff filed an opposition to Defendant's prematurely filed motion to dismiss and a cross-motion for remand and a declaratory judgment "declaring that [P]laintiff is entitled to credit from the [D]efendant for payments of $17,164.14 made by the [P]laintiff to [D]efendant." (Pl. Cross-Mot., ECF No. 28; Pl. Reply, ECF No. 30.) The Court referred the motions to Magistrate Judge Anne Y. Shields for a report and recommendation. (Oct. 26, 2020 Elec. Order.)

On November 19, 2020, Judge Shields issued a Report and Recommendation ("R&R") and recommended that the Court grant Defendant's motion to dismiss and deny Plaintiff's cross-motion. (R&R, ECF No. 33.) On December 21, 2020, the undersigned overruled Plaintiff's objections, adopted Judge Shield's R&R, granted Defendant's motion to dismiss, denied Plaintiff's cross-motion for a declaratory judgment, and closed the case. (Adoption Order, ECF No. 36; Judgment, ECF No. 37.)

5

III. Defendant's Motion for Attorneys' Fees

On January 4, 2021, Defendant filed its motion for attorneys' fees, arguing that its invoices to Plaintiff, which contain an "unequivocal provision of attorneys' fees" create an "enforceable contract entitling the invoicing party to recover those fees." (Mot. at 3.) Specifically, the invoices provide: "[a] service charge of 1.5 percent per month will be payable on overdue accounts together with attorney fees incurred in making collections." (See generally Invoices.) According to Defendant, therefore, it is entitled to attorneys' fees because it "filed suit in California for collection on the" invoices and Plaintiff "filed the instant action seeking the same offset," and Plaintiff "cannot evade the terms of its agreement with [Defendant] by splitting the collection lawsuit across coasts." (Mot. at 3-4.) However, because the invoices do not provide that Defendant is entitled to collect fees for defending actions between the parties as a general matter, the motion is denied.

"Under the general rule in New York, 'attorneys' fees are incidents of litigation and a prevailing party may not collect them from the losing party unless such an award is authorized by agreement between the parties, statute or court rule.'"[3] Bonnie &

---

[3] Defendant cites New York law although the invoices do not contain a choice-of-law provision. The Court follows suit. (Accord Def. Reply to First Mot. to Dismiss, ECF No. 9, at 6 (Defendant noting there "is no choice-of-law clause . . . .").)

6

Co. Fashions v. Bankers Tr. Co., 955 F. Supp. 203, 217 (S.D.N.Y. 1997) (quoting Bourne Co. v. MPL Commc'ns, Inc., 751 F. Supp. 55, 57 (S.D.N.Y. 1990)). However, "the intent to provide for counsel fees [by agreement between the parties] as damages for breach of contract must be 'unmistakably clear' in the language of the contract." Id. (alteration in original) (quoting Bridgestone/Firestone, Inc. v. Recovery Credit Servs., Inc., 98 F.3d 13, 20–21 (2d Cir. 1996)).

Here, Defendant invokes the invoices' provision for attorneys' fees "incurred in making collections," which, according to Defendant, includes "defeating all defenses thereto." (Mot. at 4.) The Court disagrees. Assuming, without deciding, that the invoices constitute a contract between the parties, the attorneys' fees provision is explicitly "tethered to" Defendant's collection efforts for "non-payment under the" invoices, and not for generally defending against suits between the parties. See Vanguard Logistics (USA), Inc. v. Blujay Sols. Ltd., No. 20-CV-4383, 2021 WL 1165068, at *4 (S.D.N.Y. Mar. 25, 2021); Xuchang Rihetai Hum. Hair Goods Co. v. Hanyu Int'l USA Inc., No. 00-CV-5585, 2001 WL 883646, at *8 (S.D.N.Y. Aug. 7, 2001) (denying motion for attorneys' fees where the agreements at issue did not "include any provision for attorneys' fees for the prevailing party in the event of a dispute"); Broadhurt Invs., LP v. Bank of New York Mellon, No. 09-CV-1154, 2009 WL 4906096, at *3 (S.D.N.Y. Dec. 14, 2009)

7

("Because the indemnification provision contains broad language that does not unequivocally indicate that the parties intended to include attorneys' fees in lawsuits between themselves, BNY Mellon is not entitled to attorneys' fees under the Certification Agreements."); Hooper Assocs., Ltd. v. AGS Computers, Inc., 74 N.Y.2d 487, 491 (1989) ("When a party is under no legal duty to indemnify, a contract assuming that obligation must be strictly construed to avoid reading into it a duty which the parties did not intend to be assumed."). Defendant fails to point to a statute, "or any other provision of the [invoices] [that] authorizes an award [of attorneys' fees]" in these circumstances. Vanguard, 2021 WL 1165068, at *4. On this basis, the motion is denied.

The fact that this action involves a dispute over the amount Plaintiff allegedly owes under the invoices does not transform the case into a collection action. Put differently, Defendant did not assert any defenses or counterclaims to collect the amount due under the invoices from Plaintiff, notwithstanding the Court's invitation to assert those claims here. (See Jan. 21, 2020 Order, supra.) Defendant argues that this is action is a "collection effort" because "had [its] initial motion to dismiss for lack of personal jurisdiction been granted, the only other venue for the claims would have been the California court, at which point the claims would have been presumably consolidated with the"

California Collection Action. (Prince Decl. ¶ 8.) This hypothetical is a non-sequitur because the Court denied Defendant's first motion to dismiss for lack of personal jurisdiction. (See Aug. 23, 2019 Order.) And, rather than file an answer with counterclaims for the amount Plaintiff allegedly owes under the invoices, Defendant moved to dismiss this action for failure to state a claim, asserting legal defenses unrelated to its collection efforts or the California Collection Action. (See Jan. 21, 2020 Order at 3 n.3 (the Court questioning "why Defendant removed this action if, as expressed, it intends to pursue the California [Collection] Action, rather than answering the Complaint and asserting a cross-claim for the relief sought in the California Action or filing a motion to dismiss with the New York Supreme Court on the basis that the California [Collection] Action subsumes Plaintiff's claims here").) Thus, Defendant's conjecture has no bearing on whether this action constitutes a collection effort for the amount due under the invoices.

In any event, Defendant obtained a judgment against Plaintiff in the California Collection Action, "which would entitle [Defendant] to an award of attorney's fees under the" invoices. Vanguard, 2021 WL 1165068, at *4; (see Invoices; see also Ingram Decl. ¶¶ 3, 6 (noting that Defendant initiated the California Collection Action to "collect [Plaintiff's] unpaid balance" and that the invoices "make up the bases for the

9

[California] Collection Action").) Accordingly, Defendant must seek its fees and costs associated with collecting on the invoices in the California Collection Action. See Vanguard, 2021 WL 1165068, at *4.

Further, to the extent asserted, the Court declines to invoke its inherent power to award fees based on the unsupported assertion that attorneys' fees are appropriate because Plaintiff split "the collection lawsuit across coasts." (Mot. at 3-4; id. (arguing attorneys' fees are appropriate because Plaintiff failed "to appear . . . and [to] present[] the claims as a counter suit" in the California Collection Action)); see Trustees of N.Y.C. Dist. Council of Carpenters Pension Fund v. A Quest Corp., No. 16-CV-1895, 2017 WL 1194690, at *3 (S.D.N.Y. Mar. 30, 2017) (declining the defendant's "apparent invitation to invoke its inherent powers" to award fees). While the Court appreciates Defendant's "frustration with having to litigate in two separate forums," Defendant and Plaintiff share equal responsibility for proceeding with two, competing actions. Iberia Foods Corp. v. Latinfood U.S. Corp., No. 20-CV-3009, 2021 WL 1616916, at *4 (E.D.N.Y. Apr. 26, 2021). Indeed, as stated above, Defendant chose to pursue the California Collection Action and defend this action by filing two motions to dismiss unrelated to its collection efforts. Defendant never asked this Court to determine whether this action or the California Collection Action was "first-filed" or to abstain or

10

stay this action in favor of the California Collection Action. (See Jan. 21, 2020 Order at 3.) The Court declines to do so now.

Accordingly, Defendant's arguments in support of its application for attorneys' fees are without merit and the motion is DENIED.

CONCLUSION

For the reasons stated herein, IT IS HEREBY ORDERED that Defendant's motion for attorneys' fees (ECF No. 38) is DENIED. This matter remains CLOSED.

**SO ORDERED.**

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: May  19 , 2021
       Central Islip, New York